FILED
SUPERIOR COURT
OF GUAM

2014 NOV 17 AM 11: 02



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE NO. CF0040-14 |
| ) | |
| v. ) | DECISION & ORDER ON |
| ) | PEOPLE'S MOTION IN LIMINE TO |
| FRANCIS JUDE TAITANO, ) | EXCLUDE DEFENSE EXPERT |
| ) | |
| DEFENDANT. ) | |

**I.**

### Introduction

This matter came before the Honorable Maria T. Cenzon at a Motion Hearing on August 19, 2014 on the People of Guam's (the "People's") Motion In Limine to Exclude Expert Report and Testimony ("Motion to Exclude"). The People were present and represented by Assistant Attorney General Lisa Lorig. Francis Jude Taitano ("Defendant") was present and represented by Attorney Mark E. Kondas. The Court announced it would take the Motion to Exclude under advisement on the briefings and now issues this Decision and Order **GRANTING** the People's Motion to Exclude.

**II.**

### Factual and Procedural Background

Defendant was indicted on January 31, 2014 on one count of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) and two counts of Second Degree

Criminal Sexual Conduct. The People allege that at some time in May 2007, Defendant intentionally engaged in sexual penetration with a minor under fourteen years of age and twice intentionally engaged in sexual contact with the minor. Defendant waived his statutory right to speedy trial on March 18, 2014 and Jury Selection and Trial is scheduled for January 7, 2015.

In preparation for trial, Defendant engaged the services of Dr. Laura L. Post for a psychiatric evaluation on March 15, 2014. Dr. Post's report diagnosed Defendant as free of sexual dysfunctions, personality disorders, or any Serious Mental Illness (Axis I) under the DSM-IV/DSM-IV-TR.

The People filed this instant Motion to Exclude on June 20, 2014 and Defendant filed his Response to People's Motion to Exclude ("Defendant's Response") on June 27, 2014. As a related matter, Defendant also filed an Application for Order Authorizing Court Appointed Counsel to Retain Services of an Expert at Court's Expense ("Application for Court Appointed Expert") on July 14, 2014.

The Court scheduled hearing on Defendant's Application for Court Appointed Expert for August 5, 2014. At the hearing, the Court informed the Parties it would entertain both motions together and ordered the Parties review *United States v. Pires*, 642 F.3d 1 (1st Cir. 2011) and submit supplemental briefings in response before the August 19, 2014 Motion Hearing. Defendant filed his Supplemental Response on August 13, 2014 and the People filed their Supplement on August 18, 2014. Having been fully briefed, the Court now issues this Decision & Order.

# III.

## Law and Analysis

### A. Admissibility of Expert Testimony on the Absence of Mental Disease Has Not Been Addressed by the Guam Supreme Court.

The Guam Supreme Court has not considered the admissibility of evidence of a defendant's absence of mental illness and lack of proclivity for sexual deviance in a criminal sexual conduct case. However, absent binding precedent in Guam law, the Guam Rules of Evidence ("GRE") are a near facsimile of the Federal Rules of Evidence ("FRE") and the many cases in federal courts addressing this question are illustrative and read as persuasive authority in Guam.[1] As the Guam Supreme Court stated in *People v. Jesus*: "[t]he Guam Rules of Evidence are essentially identical to its like-numbered The Guam Supreme Court counterparts in the Federal Rules of Evidence. Therefore, interpretations of the Federal Rules of Evidence from other jurisdictions are persuasive authority." 2009 Guam 2 ¶ 32 n.8. On evidentiary issues similar to the instant case, *People v. Chinel*, 2013 Guam 24 ¶¶ 22-26 adopted the federal courts' interpretation of FRE 413 when determining the admission, by the prosecution, of a defendant's propensity to commit sexual crimes or for pedophilia under GRE 413.

---

[1] The highest appellate courts of some states have addressed this issue and generally found this type of evidence inadmissible. *See e.g. Tungate v. Commonwealth*, 901 S.W.2d 41 (Ky. 1995); *State v. Hulbert*, 481 N.W.2d 329 (Iowa 1992); *State v. Friedrich*, 135 Wis.2d 1 (1987); *Delaware v. Floray*, 715 A.2d 855 (Del. 1997); *Louisiana v. Hughes*, 841 So.2d 718 (La. 2003). *See also Kansas v. Price*, 30 Kan.App.2d 569, 578-579 (Ct. App. 2002) (stating that in considering the "admissibility of defense-proffered expert testimony on a criminal defendant's propensity for molesting children…[t]he weight of authority in other states and in the federal courts is resoundingly in favor of excluding such evidence.")

## B. Defendant's Cited Authority Is Not Persuasive

Defendant cites *People v. Stoll*, 49 Cal.3d 1136, 1158 (1989) and *US v. Morales*, 108 F.3d 1031 (9th Cir. 1997)(en banc) for the admissibility of his proffered evidence. However, these cases are distinguishable and not persuasive in their application to the instant question.

*Stoll* applied § 1102 of the California Evidence Code which has no corollary in Guam law and is, in fact, contradictory to it. California explicitly permits evidence "[o]ffered by the defendant to prove his conduct in conformity with such character or trait of character" but GRE 404(a) states the opposite proposition and "[e]vidence of a person's character or a trait of character is <u>not admissible</u> for the purpose of proving action in conformity therewith on a particular occasion…"(emphasis added).

*Morales* held that expert testimony from which the jury could infer the requisite intent was admissible under FRE 704(b) and did not invade the domain of the jury. However, the defendant in *Morales* was charged with a crime requiring a willful mens rea, which "requires that an act be done knowing and intentionally, not through ignorance, accident, or mistake." *Morales* at 1037. The predicate matter addressed by the *Morales* expert was whether the defendant's state of mind was culpable as there was no dispute that she actually did the acts in question. In contrast, Defendant urges admission of his expert's testimony to assist the jury in determining "whether [he] raped the alleged victim." Defendant's Response at 3. This purpose is plainly inadmissible propensity evidence under the general rule of GRE 404(a) as quoted *supra*.

## C. Defendant's Propensity for Sexual Deviance Is Not at Issue

As required by GRE 413, the People have not disclosed any intention to present evidence from which the jury may consider that Defendant's propensity to commit criminal sexual conduct against minors makes it more probable he committed the offenses charged in the Indictment. Consequently, Defendant's introduction of a *diagnosis for non-propensity* is not relevant under GRE 401 when the jury is not tasked with determining and weighing his alleged *propensity* as probative of his commission of the charged offenses.

The Indictment charges Defendant with specific acts directed towards a single individual in the course of one evening. Defendant's proffered evidence does not meet the GRE 401 test of relevance without some permitted chain of inference that a psychiatric diagnosis made seven years after the offenses charged in the Indictment makes a fact charged in the Indictment "more probable or less probable." This "circumstantial evidence" (Defendant's Response at 4 (June 27, 2014)) is explicitly prohibited under GRE 404(a) if the only inference the jury can make is "proving action in conformity therewith on a particular occasion...." Defendant has not suggested another logical inference between this evidence and the charges filed by the People.

## D. The Expert Report and Testimony are Inadmissible under GRE 403

A finding that Defendant's evidence is not relevant could change if or when Defendant's propensity to commit the charged offenses is brought into issue, as it would were the People to submit notice of an intent to introduce GRE 413 evidence.

However, even then, GRE 403 states that relevant, evidence "may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury...." On this issue, and assuming Defendant's evidence is relevant, the risk of confusion of the issues and misleading the jury substantially outweighs its probative value.

The key question for the jury in this matter is the alleged sexual contact and penetration of the victim by Defendant in 2007 and is an issue that is distinctly different from determining if Defendant has "personality disorders, mental illness, and/or sexual dysfunctions." Defendant's Response at 1 (June 27, 2014). The two questions are sufficiently removed from and unrelated to each other such that presenting evidence of the latter is "likely to confuse the jury and divert its attention away from the central question in the case." *Pires* at 11. Although the age of the alleged Victim and a diagnosis of pedophilia are arguably related, Defendant's propensity to commit the alleged offense has not been raised in any legally cognizable way that would result in anything but prohibited uses of the evidence by the jury, as discussed in Section III.C. *supra*.

The Court is also cautious of the dangers of expert testimony pointed out in *Pires* that since "such testimony can carry with it an unwarranted aura of special reliability and trustworthiness, courts must guard against letting it intrude in areas that jurors, by dint of common experience, are uniquely competent to judge without the aid of experts." *Id*. at 12. Although the jury is instructed not to assign additional

weight to the testimony of an expert, there is always a risk "such testimony can carry with it an unwarranted 'aura of special reliability and trustworthiness'." *Id.* (quoting *US v. Fosher*, 590 F2d 381, 383 (1st Cir. 1979)).

In considering the above, the Court finds that introduction of evidence removed from the scope of their charge presents a significant risk of confusing the jury in this matter or would result in impermissible inferences under GRE 404(a). The introduction of this evidence through an expert magnifies these risks such that they would outweigh any probative value for the jury.

Defendant's proffered evidence should not be presented as a matter of right when it is well-settled that the United States Constitution as incorporated by the Organic Act of Guam do not guarantee "an unfettered right to offer testimony that is incompetent, privileged, or <u>otherwise inadmissible</u> under standard rules of evidence." *Taylor v. Illinois*, 484 US 400, 410 (1988)(emphasis added). The exercise of Defendant's fundamental rights "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 US 284, 302 (1973).

### E. Defendant's Application for Court Appointment of Dr. Post is Moot

As the Court finds the testimony of Dr. Post inadmissible under GRE 403, the Court need not to address the evidentiary question of qualifying her as an expert and

will not undertake the resources required to hold a *Daubert* hearing[2] which would require the court compensate Dr. Post's time for attendance. Defendant's Application for Court Appointed Expert (July 14, 2014) is therefore moot and the Court does not rule on that motion.

## IV.

## Conclusion

For the reasons discussed above, the People's Motion In Limine to Exclude Expert Report and Testimony is **GRANTED**. Defendant's Application for Order Authorizing Court Appointed Counsel to Retain Services of an Expert at Court's Expense is now **MOOT** and the Court does not rule on the motion.

A Status Hearing in this matter is scheduled for November 18 at 2:30 PM.

**SO ORDERED this 17th day of November, 2014.**

**Honorable Maria T. Cenzon**
**JUDGE, SUPERIOR COURT OF GUAM**

**SERVICE VIA COURT BOX**
I acknowledge that a copy the original hereto was placed in the court box of: AG'C, M.Kondas, DMR
Date: 11/17/14  Time: 11:05am

Deputy Clerk, Superior Court of Guam

[2] As taken from *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579 (1993), which created a two-part test for evaluating the admissibility of scientific evidence. *See also People of Guam v. Superior Court of Guam,* 1998 Guam 24 ¶ 10.